# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

INGRID C. CLARK and TERRY WAYNE
ANDERSON,

      Plaintiffs,

vs.                                                Case No._____

FREDRICK E. BRADFORD and CRST
EXPEDITED, INC.,

      Defendants.

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 and 1441
## BY DEFENDANTS CRST EXPEDITED, INC. AND FREDRICK E. BRADFORD

COMES NOW Defendant CRST Expedited, Inc. ("CRST") and provides notice that it is removing the state court action described below to the U.S. District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1332 and 1441. In support of its removal notice, Defendant states as follows:

    1.    Plaintiffs commenced this personal injury action in the First Judicial District Court, County of Santa Fe by filing their "Complaint for Damages, Punitive Damages and Other Damages" entitled *INGRID C. CLARK and TERRY WAYNE ANDERSON, Plaintiffs, v. FREDRICK E. BRADFORD and CRST EXPEDITED, INC., Defendants*, Cause No. D-101-CV-2021-00969 (hereafter "Complaint") on April 29, 2021. (*See* Plaintiff's Complaint, *attached hereto as* **Exhibit A**).

    2.    Counsel for Defendant accepted service of the Complaint on June 24, 2021. (*See* Acc. of Serv., *attached hereto as* **Exhibit B**).

    3.    Defendant's time to answer or remove with respect to the Complaint has not expired.

    4.    This Notice of Removal is filed in this Court within thirty (30) days of the service on Defendants of the initial pleading in this case. *See* 28 U.S.C. § 1446(b). The state court in which this

action commenced is within this Court's district. As set forth below, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

5. The state court in which this action was commenced is within this Court's district. As set forth below, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## DIVERSITY JURISDICTION

6. Plaintiff Ingrid C. Clark is a citizen of the state of Virginia. (*See* Complaint at ¶ 1, *attached hereto as* **Exhibit A**).

7. Plaintiff Terry Wayne Anderson is a citizen of the state of Virginia. (*See* Complaint at ¶ 1, *attached hereto as* **Exhibit A**).

8. Defendant CRST Expedited, Inc. is an Iowa corporation with its principal place of business in Iowa. (*See* Complaint at ¶ 2, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 7, *attached hereto as* **Exhibit C**; IA Secretary of State, CRST Expedited, Inc., Info. Print, *attached hereto as* **Exhibit D**).

9. Defendant Fredrick Bradford is a citizen of the state of Tennessee. (*See* Complaint at ¶ 3, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 8, *attached hereto as* **Exhibit C**).

10. Complete diversity of citizenship exists for the purposes of this Court's original jurisdiction over the subject matter of this lawsuit.

11. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy

include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

12. Plaintiffs seek recovery for damages related to "severe and serious personal injuries" to Plaintiff Ingrid C. Clark and Terry Wayne Anderson. (*See e.g.* Complaint, ¶ 16, *attached hereto as* **Exhibit A**). According to medical billing summaries provided to Defendants, as of June, 2020, Plaintiff Clark's medical bills totaled at least $16,211.41. According to medical billing summaries provided to Defendants, as of September, 2020, Plaintiff Anderson's medical bills totaled at least $145,723.47. Given the allegations of the Complaint, the severity of the alleged motor vehicle accident, and the medical billing records provided to Defendants, the amount in controversy clearly exceeds $75,000. (*See* Attorney Affidavit ¶ 6, *attached hereto as* **Exhibit C**).

13. This Notice of Removal is filed in this Court within thirty (30) of the service of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(B)(3). The state court action was commenced less than one year from the date of this Notice of Removal. *See* 28 U.S.C. §1446(c)(1). The state court in which this action was commenced is within this Court's district. As set forth, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

14. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332, in that it is a civil action between citizens of

3

different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. (*See* Attorney Affidavit at ¶ 6, *attached hereto as* **Exhibit C**).

15. Defendant is concurrently filing a Notice to Adverse Parties of Removal to Federal Court, with the clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C. §1441(b), together with this Notice.

16. Pursuant to D.N.M. LR-CIV 81.1(a), Defendant will submit copies of the records and proceedings from the state court action within thirty days of its filing of this Notice of Removal.

17. Venue is appropriate in the U.S. District Court for the District of New Mexico because the alleged actions and/or omissions occurred in New Mexico. (*See* Complaint at ¶¶ 4-5).

18. Defendant CRST Expedited, Inc. consents to removal. (*See* Attorney Affidavit at ¶ 10, *attached hereto as* **Exhibit C**).

19. Defendant Fredrick E. Bradford consents to removal. (*See* Attorney Affidavit at ¶ 11, *attached hereto as* **Exhibit C**).

    Respectfully submitted,

    CIVEROLO, GRALOW & HILL, P.A.

    By:*/s/ Lance D. Richards, June 24, 2021*
        Lance D. Richards
        Lauren R. Wilber
        *Attorneys for Defendants*
        P.O. Box 93940
        Albuquerque, NM 87199
        (505) 842-8255
        richardsl@civerolo.com
        wilberl@civerolo.com

## **CERTIFICATE OF SERVICE**

      IT IS HEREBY CERTIFIED that a true copy of the foregoing was filed electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on June 24, 2021, which caused the following attorneys to be electronically served as follows:

Mark Caruso, Esq.
Meaghan Baca, Esq.
Caruso Law Office, P.C.
4302 Carlisle Blvd., NE
Albuquerque, NM 87107
Telephone: (505) 883-5000
Mark@CarusoLaw.com
Meaghan@CarusoLaw.com
*Attorney for Plaintiffs*

                                         */s/ Lance D. Richards, June 24, 2021*
                                         Lance D. Richards
                                         Lauren R. Wilber