FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
4/29/2021 12:18 PM
KATHLEEN VIGIL CLERK OF THE COURT
Liliana Villalobos

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST  JUDICIAL DISTRICT COURT**

**INGRID C. CLARK and TERRY WAYNE**
**ANDERSON,**

　　　　　　**Plaintiffs,**　　　　　　Case assigned to Sanchez-Gagne, Maria

**v.**　　　　　　　　　　　　　　　　No. D-101-CV-2021-00969

**FREDRICK E. BRADFORD and CRST**
**EXPEDITED, INC.**

　　　　　　**Defendants.**


## COMPLAINT  FOR DAMAGES,  PUNITIVE  DAMAGES  AND  OTHER  DAMAGES

　　**COMES NOW** Plaintiffs Ingrid C. Clark and Terry Wayne Anderson,  in the above-captioned cause, by and through their  attorneys of record, Caruso Law Offices, P.C., by Mark J. Caruso and Meaghan Baca, and bring this claim for personal injury damages, punitive damages and other damages against Defendants Frederick E. Bradford and CRST Expedited, Inc.,  and would respectfully show this  Court as follows:

### JURISDICTION  AND  VENUE

　　1.　　Plaintiffs Ingrid C. Clark  (hereinafter "Clark")  and Terry Wayne Anderson (hereinafter "Anderson") are  individuals who reside in the State of Virginia.

　　2.　　It is Plaintiff's information and belief that  Defendant CRST Expedited, Inc. (hereinafter "CRST") is a corporation which is domiciled and incorporated in the State of Iowa and is fully authorized to do business in the State of New Mexico and derives substantial economic profits from its business activities in and thru New Mexico.  As a result of these intentional,

1

EXHIBIT A

substantial, continuous, and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant CRST as to all claims arising from these contacts.

3.      It is Plaintiff's information and belief that Defendant Frederick E. Bradford (hereinafter "Bradford") is an individual who resides in the State of Tennessee.

4.      Defendant CRST is a registered motor carrier with the United States Department of Transportation as No. 38053. The Federal Motor Carrier Safety Administration has promulgated a safety regulation requiring all motor carriers to identify a registered agent for service of process in each state. Defendant CRST has named Cogency Global, Inc. at 1012 Marquez Place, Suite 106B, Santa Fe, NM 87505 as its registered agent for service of process in New Mexico. Defendant CRST has similarly named Cogency Global, Inc. as its agent for service of process in corporate filings with the New Mexico Secretary of State.

5.      The collision which is the subject of this lawsuit occurred in the County of Quay, State of New Mexico.

6.      Jurisdiction is appropriate in the First Judicial District, County of Santa Fe, State of New Mexico, since Defendant CRST's agent for service of process resides in said county.

## RELEVANT FACTS

7.      On August 25, 2019, Plaintiff Clark was legally operating her commercial motor vehicle eastbound on Interstate 40 near milepost 333 in Quay County. Plaintiff Anderson was the co-driver and passenger in her vehicle.

8.      At approximately the same time and location, Defendant Bradford was operating a commercial motor vehicle westbound on Interstate 40 near the same milepost.

9.      Defendant Bradford  negligently lost control of his commercial motor vehicle causing it to cross the median separating westbound and eastbound traffic and collide into the vehicle operated by Plaintiff Clark.

10.      Plaintiff Clark took emergency action and attempted to avoid a collision with Defendant Bradford's  commercial motor vehicle by slowing down and swerving into the inside lane.

11.      Defendant Bradford's commercial motor vehicle collided  into the commercial motor vehicle operated by Plaintiff Clark causing  heavy damage to the vehicles and sever personal injuries and other damages to Plaintiffs.

12.      At all times herein, Defendant Bradford  was operating a 2017  Freightliner tractor with  trailer  under the DOT operating authority of Defendant CRST.

13.      At all times herein, Defendant Bradford was an employee,  agent or statutory employee of Defendant CRST, and his acts on the date of this collision were in the course and scope of his employment with Defendant CRST  which is vicariously liable for the negligent acts of Defendant Bradford  under the legal concept of *respondeat superior*.

14.      At all times herein, Defendants Bradford operated the commercial motor vehicle for the benefit and profit  of Defendant CRST  in interstate commerce within the State of New Mexico.

15.      Defendant Bradford  negligently drove his commercial motor vehicle in a negligent, careless, and reckless manner,  and  he lost control of his commercial motor vehicle resulting  in a collision and causing  injuries and damages to Plaintiffs Clark and Anderson.

16.     Plaintiffs Clark and Anderson  suffered severe and serious personal injuries and other damages as a direct, proximate, and foreseeable result of the wrongful actions by Defendants Bradford and CRST.

## COUNT I

## NEGLIGENCE PER SE OF DEFENDANT BRADFORD

17.     Plaintiffs  re-alleges and incorporate by reference the allegations made in paragraphs 1-16 of this Complaint as if set forth in full herein.

18.     At all times relevant hereto, there were in force and effect federal and state statutes, regulations, rules  and laws that were enacted for the safety of the public using roadways and interstates in New Mexico, including Plaintiffs Clark and Anderson.

19.     These statutes, regulations,  rules and laws were specifically promulgated for the safety of the public using the roadways and interstates in New Mexico, including Plaintiffs Clark and Anderson.

20.     The injuries and damages sustained by Plaintiffs  Clark and Anderson are of the type of injuries and damages  that such federal and state statutes, regulations, rules, and laws were designed to prevent—that is injuries and damages on the interstate caused by negligent, careless and reckless drivers of commercial motor vehicles.

21.     Defendant Bradford was  obligated to comply with these federal and   state s statutes, regulations,  rules and laws including, but not limited to, those promulgated by the U.S. Department of Transportation, the National Transportation Safety Board,  the Office of Highway

Safety, the Federal Motor Carrier Safety Administration, the Commercial Driver's License Manual, the N.M. Department of Transportation, and the State of New Mexico.

22.     The Federal Motor Carrier Safety Administration ("FMCSA") adopted the Federal Motor Carrier Safety Regulations ("FMCSR") that apply to all commercial motor carriers, commercial motor vehicles including tractors pulling trailers and commercial motor vehicle drivers engaged in interstate commerce including Defendants Bradford and the motor carrier under which he was authorized to operate, Defendant CRST.

23.     The mission of the FMCSA is *"saving lives by reducing crashes, injuries, and fatalities involving CMV transportation through education, innovation, regulation, enforcement, financial assistance, partnerships, and full accountability. To achieve this mission, FMCSA places safety as the highest priority of the Agency as we continue to strengthen our partnerships, reach out to all stakeholders, collaborate effectively, offer grants to States and highway safety groups, and support data utilization and leveraging technology."*

24.     According to the FMCSA's 2018 CMV Fact Sheet (Source: Fatality Analysis Reporting System (FARS) and Federal Highway Administration, Highway Statistics 2017 data)

      (a.)   37,133 lives were lost on America's roadways in 34,247 fatal motor vehicle crashes.

      (b.)   5,005 lives were lost in 4,455 crashes involving large trucks or buses; fatalities increased 8% from 2016, and fatal crashes increased 8%.

      (c.)   Large trucks and buses account for 13% of all traffic fatalities.

25.     The FMCSA further states that *"Driving a Commercial Motor Vehicle (CMV) requires a higher level of knowledge, experience, skills, and physical abilities than that required*

*to drive a non-commercial vehicle. In order to obtain a Commercial Driver's License (CDL), an*

*applicant must pass both skills and knowledge testing geared to these higher standards.*

*Additionally, CDL holders are held to a higher standard when operating any type of motor*

*vehicle on public roads. Serious traffic violations committed by a CDL holder can affect their*

*ability to maintain their CDL certification."*

26.     While operating his commercial motor vehicle, Defendant Bradford is held to

a higher standard of care than drivers of non-commercial four-wheel passenger vehicles.

27.     At the time of this collision, there were in force and effect certain FMCSA

regulations that may have been violated by Defendant Bradford, including, but not limited to:

a.     FMCSR 392.6     Schedules to conform with speed limits;

b.     FMCSR 392.3     Ill or fatigued operator;

c.     FMCSR 395.3     Maximum driving time;

d.     FMCSR 383.110   General knowledge;

e.     FMCSR 383.111   Required knowledge;

f.     FMCSR 383.113   Required skills; and

g.     Any additional regulations or statutes that are revealed as being violated during

discovery as this case progresses.

28.     The New Mexico State Motor Carrier Safety Act, New Mexico motor vehicle

traffic statutes, licensing statutes, including the commercial driver's license ("CDL"), and other

State of New Mexico motor vehicle statutes apply to commercial motor carriers, commercial

motor vehicles and commercial motor vehicle drivers operating within the State of New Mexico.

The State of New Mexico has generally adopted as state law all the regulations promulgated by

the FMCSA in the FMCSR and other federal trucking safety regulations.

29.     At the time of this collision, there were in force and effect New Mexico state traffic safety statutes that may have been violated by Defendant Bradford, including but not limited to:

a.     66-7-301 (b)(1) NMSA (1978)--requiring that in every event speed should be so controlled by the driver as may be necessary to avoid colliding with any person;

b.     66-7-301(b)(2) NMSA (1978)--requiring that in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

c.     66-7-317 NMSA (1978)—driving on roadways laned for traffic;

d.     66-7-332.1 NMSA (1978)—approach of oncoming vehicle, yield the right of way;

e.     66-7-337 NMSA (1978)--drivers to exercise due care;

f.     66-8-113 NMSA (1978)--reckless driving;

g.     66-8-114 NMSA (1978)--careless driving;

h     65-3-7 NMSA (1978)--qualifications of drivers;

i.     65-3-9 NMSA (1978)--commercial motor vehicles; equipment; regulations;

j.     65-3-11 NMSA (1978)--hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or records of duty status; and

k.     Any additional regulations or statutes that are revealed as being violated during discovery as this case progresses.

7

30.     Defendant Bradford is fully subject to the afore-mentioned federal and state traffic safety laws.

31.     As a result of these federal and state traffic safety violations and other such traffic safety violations that may be determined as discovery progresses, Defendant Bradford was negligent per se.

32.     Defendant Bradford's negligence per se and violation of one or more of these and other federal and state statutes, regulations, rules, and laws was a direct and proximate cause of the collision into Plaintiff Clark's vehicle resulting in injuries and damages to Plaintiffs Clark and Anderson.

33.     Defendant CRST is vicariously liable for the negligence of Defendant Bradford under the doctrines of *respondeat superior*, agency liability, joint venture, and statutory employee.

34.     Defendant Bradford's acts and/or omissions described herein were careless, willful, reckless, grossly negligent and/or wanton and committed without regard to the safety of others on the interstate as those terms are defined in New Mexico law. Defendant Bradford was consciously indifferent to the life and well-being of the public including Plaintiffs Clark and Andersons who are therefore entitled to an award of punitive damages against Defendant Bradford

## COUNT II

## NEGLIGENCE OF DEFENDANT BRADFORD

35.     Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 1-34 of this Complaint as if set forth in full herein.

36.    At all times relevant to the allegations of this Complaint, Defendant Bradford had a duty to act as a reasonable and prudent commercial truck driver and to use reasonable care in the operation of his commercial motor vehicle on New Mexico highways.

37.    Defendant Bradford failed to act in a reasonable and prudent manner as a commercial truck driver or to use reasonable care in the operation of his commercial motor vehicle.

38.    It is Plaintiffs' information and belief that Defendant Bradford held a valid Commercial Driver's License ("CDL") from the State of Tennessee on the date of this collision.

39.    Commercial vehicle operators with a valid CDL, including Defendant Bradford, are required to demonstrate specialized knowledge of the safe operation of a tractor-trailer and have the physical capabilities and skills to obtain their commercial driver's license.

40.    The significantly higher weights, size and energy levels of a moving commercial motor vehicle necessitate an elevated level of responsibility for commercial truck drivers, over and above that of a driver of a four-wheel passenger vehicle who do not have a CDL.

41.    The CDL Manual provides specific rules for the operation of commercial motor vehicles, and it requires Defendant Bradford and all commercial vehicle operators to drive safely on the highway. The CDL Manual further requires the operators of commercial motor vehicles to follow specific safety rules regarding speed, changing lanes, hazards on the roadway, fatigue among other safety rules.

42.    Defendant Bradford failed to operate his vehicle in a safe and reasonable manner required of a driver of a commercial motor vehicle and in compliance with the safety requirement set out in the CDL Manual.

43.   Defendant Bradford breached his duty and was negligent by falling below the level of care required of commercial motor vehicle drivers. This negligence includes, but is not limited to, the following:

a.   Failing to operate a vehicle in a safe manner;

b.   Failing to take timely and/or proper evasive action to avoid a collision;

c.   Failing to remain alert and not paying proper attention;

d.   Failing to keep the vehicle under proper control;

e.   Failing to properly apply brakes and slow the commercial motor vehicle;

f.   Failing to properly inspect, maintain, service, or repair the commercial motor vehicle;

g.   Failing to use the appropriate due care in operating the commercial motor vehicle;

h.   Driving while distracted;

i.   Driving a vehicle in a careless manner;

j.   Driving a vehicle in a reckless manner;

k.   Failing to keep a proper lookout;

l.   Failing to make a safe lane change on an interstate;

m.   Failing to allow sufficient space, distance, and time to change lanes;

n.   Failing to signal before changing lanes on an interstate; and

o.   Any additional negligent actions revealed as discovery in this case progresses.

46.   Generally accepted trucking industry safety standards promote and govern the safe operation of commercial vehicles like the commercial vehicles operated by Defendant Bradford.

10

44.    These generally accepted trucking industry safety standards create certain duties and obligations upon the commercial truck driver including operators of tractors and trailers like Defendant Bradford.

45.    These duties and obligations provide for the safe and reasonable operation of commercial motor vehicles by commercial truck drivers including Defendant Bradford.

46.    Defendant Bradford had the duty to be knowledgeable of and comply with these generally accepted trucking industry safety standards for the safe operation of his commercial motor vehicle.

47.    Defendant Bradford was negligent in failing to comply with applicable trucking industry safety standards for the safe operation of his commercial motor vehicle.

48.    It was foreseeable to Defendant Bradford that he would cause damages and injuries to others on the interstate if he failed to operate his commercial motor vehicle in a safe and reasonable manner.

49.    Defendant Bradford's negligence was a direct and proximate cause of the collision with the vehicle operated by Plaintiff Clark and resulting injuries and damages to Plaintiffs Clark and Anderson.

50.    Defendants CRST is vicariously liable for the negligence of Defendant Bradford under the doctrines of *respondeat superior*, agency liability, joint venture, and statutory employee.

51.    Defendant Bradford's acts and/or omissions described herein were careless, willful, reckless, grossly negligent and/or wanton and without regard to the safety of others as those terms are defined in New Mexico law. Defendant Bradford was consciously indifferent to the life and well-being of the public including Plaintiffs Clark and Anderson who are therefore entitled to an award of punitive damages against Defendant Bradford.

## COUNT III

## <u>NEGLIGENCE PER SE OF DEFENDANT CRST</u>

52.     Plaintiff re-alleges and incorporate by reference the allegations made in paragraphs 1-51 of this Complaint as if set forth in full herein.

53.     At all times relevant hereto, there were in force and effect state and federal statutes, regulations, rules and laws that were enacted for the safety of the public using roadways and interstates, including Plaintiffs Clark and Anderson.

54.     These statutes, regulations, rules and laws were specifically promulgated by the government for the safety of the public, including Plaintiffs Clark and Anderson.

55.     The injuries and damages sustained by Plaintiffs Clark and Anderson are of the type of injuries and damages that these statutes, regulations, rules, and laws are designed to prevent—that is injuries on the interstate highway caused by commercial motor vehicles.

56.     As an authorized motor carrier Defendant CRST was obligated to comply with the safety requirements established by federal and state statutes, regulations and safety rules, including but not limited to, the statutes, regulations and safety rules a of the U.S. Department of Transportation, the National Transportation Safety Board, the Office of Highway Safety, the Federal Motor Carrier Safety Administration, the Commercial Driver's License Manual, the N.M. Department of Transportation and the State of New Mexico.

57.     At the time of this collision, there were in force and effect Federal Motor Carrier Safety Regulations ("FMCSR") that may have been violated by Defendant CRST, including, but not limited to:

a.     FMCSR 383.35 and 391.23   Background investigation of driver;

b.     FMCSR 391.11   Driver qualifications;

c.    FMCSR 391.13    Driver training;

d.    FMCSR 391-25    Annual review of driver safety;

e.    FMCSR 391.27    Annual reports of driving violations;

f.    FMCSR 391.31    Driver road testing;

g.    FMCSR 391.51    Qualification and records files;

h.    FMCSR 395.3    Hours of operation;

i.    FMCSR 395.8    Driver duty status logs; and

j.    Any additional regulations or statutes that are revealed as violated during discovery as this case progresses.

58.    As a result of these and other violations, Defendant CRST is negligent per se.

59.    Defendant CRST's negligence per se was a direct and proximate cause of the collision with the vehicle operated by Plaintiff Clark and resulting injuries of and damages to Plaintiffs Clark and Anderson.

60.    Defendant CRST's acts and/or omissions described herein were willful, reckless, grossly negligent and/or wanton and without regard to the safety of others as those terms are defined in New Mexico law. Defendant CRST was consciously indifferent to the life and well-being of the public including Plaintiffs Clark and Anderson who are therefore entitled to an award of punitive damages against Defendant CRST.

## COUNT IV

## **NEGLIGENCE OF DEFENDANT CRST**

61.    Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 1-60 of this Complaint as if set forth in full herein.

62.    At all times herein, Defendant CRST was a DOT  authorized  motor carrier and trucking company under the FMCSR and other DOT regulations.

63.    In the operation of its  trucking businesses  and  the operation and maintenance of tits  tractors and trailers, Defendant CRST owed a duty to the public at large and Plaintiffs Clark and Anderson to use due care, skill, and expertise as would an ordinary person operating a trucking company and authorized motor carrier with commercial truck drivers to not cause foreseeable and unreasonable risks of harm to others.

64.    In the hiring, training, retention and supervision of their  drivers, Defendant CRST owed a duty to the public at large and Plaintiffs Clark and Anderson to use due care, skill, and expertise as would an ordinary person operating a trucking company with commercial truck drivers to not cause foreseeable and unreasonable risks of harm to others.

65.    Defendant CRST had a duty to act responsibly in the hiring, supervision, retention, training and maintaining of driver qualification files of its drivers to assure the proper and safe execution of the duties of an over-the-road truck driver.

66.    Defendant CRST had a duty to hire, supervise, and train drivers to drive its  tractor-trailers in a reasonable and safe manner.

67.    Defendants CRST also had  a duty when entrusting its 80,000+ pound tractor-trailers to its commercial truck drivers to assure that the commercial motor vehicles are properly maintained and free of mechanical problems to insure their safe operation on the roadways.

68.    Generally accepted and acknowledged trucking industry safety standards promote, govern, and give guidance to the safe operation of commercial vehicles on the interstate highways.

69    These generally accepted and acknowledged trucking industry safety standards create certain duties and obligations upon the commercial motor carrier trucking company.

70.    Defendant Clark had  a duty to be knowledgeable of and comply with these generally accepted and acknowledged trucking industry safety standards for the safe operation of their  commercial vehicles and supervision of their drivers.

71.    Defendant CRST  had a duty to make certain that Defendant Bradford, and all their other commercial truck drivers,  are instructed, trained, and comply with all applicable generally accepted and acknowledged trucking industry safety standards for the safe operation of their commercial motor vehicles.

72.    Defendant CRST negligently failed to comply with generally accepted and acknowledged trucking industry safety standards for the safe operation of their commercial vehicles and reasonable operation of their  trucking businesses.

73.    Defendant CRST negligently failed to exercise due care, skill, and expertise by failing to properly inspect, maintain, service, or repair the tractor-trailers assigned to and driven by Defendant Bradford.

74.    Defendant CRST operated its trucking business without the due care, skill and expertise as would an ordinary person operating a safe trucking company.

75.    Defendant CRST  failed use due care, skill, and expertise to properly hire, train, retain and supervise their  employees and agents, including Defendant Bradford.

76.    Defendant CRST knew or should have known that Defendant  Bradford was likely to use the tractor-trailer in such a manner as to create an unreasonable risk of harm to others including Plaintiffs Clark and Anderson,  and Defendant Bradford  was, in fact, negligent in the operation of his  tractor-trailer on August 25, 2019.

77.    Defendant CRST breached the aforementioned duties and other duties owed to Plaintiffs.

78.    Plaintiffs Clark and Anderson suffered damages and personal injuries as a direct, natural, and proximate result of the following acts of Defendant CRST:

a.    Negligently hiring Defendant Bradford;

b.    Negligently entrusting its commercial vehicle to Defendants Bradford;

c.    Negligently training and supervising its agents and employees, including Defendant Bradford;

d.    Failing to comply with applicable laws, ordinances, rules, and regulations;

e.    Failing to train, supervise, direct, or control its employee Defendant Bradford with the requisite care, skill, and expertise as would a reasonable trucking company employer in the operation of their trucking business, as follows:

(1)    In the operation of its  commercial motor vehicles;

(2)    In driving too fast under the conditions;

(3)    In driving at an excessive rate of speed;

(4)    In properly applying brakes;

(5)    In preventing driving while distracted;

(6)    In preventing driving while fatigued;

(7)    In training employees about the perils of exhausted driving or properly supervising them to prevent exhausted driving;

(8)    In defensive driving;

(9)    In bringing vehicle to a safe stop;

(10)    In complying with rules, regulations, and statutes;

16

(11)   In complying with all rules of the road;

(12)   In complying with all hours-of-service regulations;

(13)   In changing lanes;

(14)   In maintaining the tractor-trailer in the lane of traffic;

(15)   In changing lanes safely;

(16)   In the proper use of mirrors before and during lane changes;

(17)   In complying with all DOT and other federal and state rules and regulations; and

(18)   In maintaining a safe distance with the vehicle in front of the commercial vehicle;

(19)   Other acts of Defendant CRST may be added as discovery continues.

79.     Defendant CRST's  negligence was a direct and proximate cause of the collision with the vehicle operated by Plaintiff Clark and resulting injuries of and damages to Plaintiffs Clark and Anderson.

80.     Defendant CRST's acts and/or omissions described herein were willful, reckless, grossly negligent and/or wanton and without regard to the safety of others as those terms are defined in New Mexico law.  Defendant CRST  was  consciously indifferent to the life and well-being of the public including  Plaintiffs  Clark and Anderson  who are therefore entitled to an award of punitive damages against Defendant CRST.

## **DAMAGES**

81.     As a direct and proximate result of the acts and/or omissions of Defendant CRST and Defendant Bradford outlined above, and other acts that may added as discovery continues, Plaintiffs Clark and Anderson suffered injuries and  damages.

17

82.     Plaintiffs Clark and Anderson are therefore entitled to the following damages to be proven at trial, including, but not limited to:

a.  The reasonable expenses of necessary medical care, treatment, and services received and reasonably certain to be received in the future;

b.  The reasonable value of nonmedical expenses incurred and reasonably certain to be received in the future;

c.  The pain and suffering experienced and the reasonably certain to be experienced in the future;

d.  The value of lost earnings, future earnings, and the present value of lost earnings capacity;

e.  The loss of enjoyment of life experienced and reasonably certain to be experienced in the future;

f.  Mental anguish experienced and reasonably certain to be experienced in the future;

g.  The value of a partial permanent impairment and disability;

h.  Loss of consortium and companionship;

i.  Defendant Bradford and CRST's acts and/or omissions described herein were willful, reckless, grossly negligent and/or wanton and without regard to the safety of others as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and well-being of the public, including Plaintiffs Clark and Anderson, who are therefore entitled to an award of punitive damages; and

j.  Any other damages proven by Plaintiffs Clark and Anderson, in an amount to be proven at trial and allowed by law.

**WHEREFORE**, Plaintiffs  Ingrid C. Clark and Terry Wayne Anderson  pray for the following relief:

A.    For judgment in Plaintiffs' favor and against Defendant Frederick E. Bradford  and Defendant CRST Expedited, Inc.  in amounts to be proven at trial, including punitive damages, and other damages allowed by New Mexico law, together with pre-judgment and post-judgment interest and costs; and

B.    For such other and further relief that the Court deems just and proper.


Respectfully submitted,

**CARUSO LAW OFFICE, P.C.**


/s/ Mark J. Caruso
 Mark J. Caruso
 Meaghan Baca
 *Attorneys  for Plaintiff*
 4302 Carlisle Blvd. NE
 Albuquerque, NM  87107
 Phone:  (505) 883-5000
 Fax:     (505) 883-5012
 mark@carusolaw.com
 meaghan@carusolaw.com